UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VINCENT T. JAMES, aka <br> VICTOR T. JAMES, <br><br> Petitioner, <br><br> v. <br><br> SUPERINTENDENT, INDIANA <br> STATE PRISON, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 3:10-CV-67 JD <br> ) <br> ) <br> ) <br> ) <br> ) |

OPINION AND ORDER

Vincent James, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1991 Porter County conviction for murder. James originally received the death sentence for this offense, but on February 2, 1993, the Indiana Court of Appeals overturned the death sentence and remanded the case for re-sentencing [DE 3 at 1]. On remand, the trial court sentenced James to imprisonment for a term of years. According to the Respondent, his current earliest possible release date is December 1, 2035 [DE 13 at 1].

The Respondent asks the Court to deny this petition because it is an unauthorized second and successive petition. The Respondent's submissions establish that James filed an earlier petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana, *Vincent T. James v. Craig Hanks*, Cause No. TH98-C-0262-T/F, which was dismissed with prejudice on May 15, 1999 [DE 12-2 at 3]. The district court and the United States Court of Appeals for the Seventh Circuit denied James a certificate of appealability [DE 12-2 at 4, DE 12-3 at 2]. The Petitioner has filed a traverse in which he states that:

> Petitioner will concede to the state's allegations with regard that petitioner has filed a Writ of Habeas Corpus regarding his 1991 Porter County, Indiana conviction, however, the Writ now before the Court is not challenging the murder conviction but whether or not petitioner['s] constitutional and Due Process Rights were violated.

DE 17-1 at 3.

> Pursuant to 28 U.S.C. § 2244(b):
>
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(i) the factual predicate for the claim could not have been discovered through the exercise of due diligence; and
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Section 2244 "forbid[s] any 'second or successive' petition for collateral relief without the consent of the court of appeals, which may be given only in limited circumstances." *Benton v. Washington*, 106 F.3d 162, 163 (7th Cir. 1996). If a prisoner files a second or successive petition without first having obtained authorization from the court of appeals, the district court has "no option other than to deny the petition, . . . [and] . . . *must* dismiss a second or successive petition[.]" *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

2

Because James filed an earlier § 2254 petition challenging his conviction, there is no question that his current petition is a second or successive habeas corpus petition. James argues in his traverse that he has good grounds to file a second or successive petition because he has newly discovered facts that had been "concealed" from him [DE 17-1 at 10]. Even if it is true that he has recently discovered relevant facts that cast doubt on his conviction, James is making his argument to the wrong court. As the Seventh Circuit noted in *Nunez*, "[n]o matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition." *Nunez*, 96 F.3d at 991.

James's petition for writ of habeas corpus is a second or successive petition for writ of habeas corpus, and he has not obtained an order from the Seventh Circuit permitting him to file a second or successive petition raising issues not presented in his earlier petition. Accordingly, this court must dismiss this petition. *Id.* Because James may refile this petition as a second and successive petition if he obtains permission to do so from the United States Court of Appeals for the Seventh Circuit, the court will dismiss this petition without prejudice.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant James a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). When a district court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the

petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that James's petition is a second or successive petition that has not been authorized by the court of appeals. James has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue James a certificate of appealability.

For the reasons stated above, the Court DISMISSES this habeas corpus petition without prejudice so that the Petitioner may seek leave of the United States Court of Appeals for the Seventh Circuit to file a second or successive petition, and DENIES the Petitioner a certificate of appealability.

SO ORDERED.

ENTERED: June 7, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court